IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA G. LOPEZ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LA PLAYITA, INC., LA PLAYITA II, INC., and GERARDO MEZA, individually, | ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Maria G. Lopez, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against La Playita, Inc., La Playita II, Inc., and Gerardo Meza, individually (herein "Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendant's failure to pay minimum and overtime wages to Plaintiff.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff Maria G. Lopez resides and is domiciled in this judicial district.

5. Plaintiff Maria G. Lopez has been employed by Defendants in this judicial district within the past three years. During the course of her employment, Plaintiff handled goods that moved in interstate commerce.

6. Defendants La Playita, Inc. and La Playita II, Inc. are Illinois corporations doing business within this judicial district. Defendants La Playita, Inc. and La Playita II, Inc. are an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7. Defendants La Playita, Inc. and La Playita II, Inc. were Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3 in the three years prior to the filing of this lawsuit.

8. Defendant Gerardo Meza is the President and Secretary of La Playita, Inc. and and La Playita II, Inc. is involved in the day-to-day business operation of both La Playita, Inc. and and La Playita II, Inc. Among other things, Defendant Gerardo Meza has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

9. Defendant Gerardo Meza was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

10. Defendant Gerardo Meza resides and is domiciled in this judicial district.

## FACTUAL ALLEGATIONS

11. Defendants operate two restaurants under the name La Playita in Chicago Ridge, Illinois and Hometown, Illinois.

12. The two locations share employees, food, supplies, and jointly advertise.

13. Plaintiff began her employment with Defendants in May 2014.

14. Plaintiff has worked at both locations and has performed non-exempt work including, but not limited to, cashiering, waiting tables, mopping, cleaning chairs, preparing alcoholic beverages, preparing desserts, and packaging takeout orders.

15. Plaintiff was required to work more than 40 hours per week, but was not paid the premium rate of one and one half times her regular rate for all hours worked over 40.

16. During the three years prior to the filing of this lawsuit, Plaintiff was paid less than the state mandated minimum wage.

17. Plaintiff worked between 48 and 60 hours per week in the three years prior to the filing of this lawsuit.

18. Plaintiff was paid $4.10 per hour when she began working for Defendants at their Chicago Ridge location and after her last pay raise was earning $4.60 per hour.

19. Additionally, Plaintiff was paid in cash and was not provided with any written documentation showing the number of hours worked per pay period.

20. Despite using an electronic time keeping system, Defendants have failed to pay Plaintiff for all hours worked in certain work weeks.

## COUNT I
## Violation of the Fair Labor Standards Act - Overtime Wages

(Plaintiff hereby realleges and incorporates paragraphs 1 through 20 of this Complaint, as if fully set forth herein.)

21. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff.

22. Plaintiff worked for Defendant and was Defendants' "employee" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

23. Defendants were Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. During the course of his employment with Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

25. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

26. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

27. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate of pay for time she worked in excess of 40 hours in individual work weeks.

28. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

29. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the greater of the state minimum wage rate or Plaintiff's hourly rate for all time Plaintiff worked in excess of 40 hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
**Violation of the Illinois Minimum Wage Law - Overtime Wages**

(Plaintiff hereby realleges and incorporates paragraphs 1 through 29 of this Complaint, as if fully set forth herein.)

30. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

31. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

32. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times her regular hourly rate of pay for time worked in excess of 40 hours per week.

33. Defendants failed to pay Plaintiff one and one-half times her regular hourly rate of pay for time worked in excess of 40 hours per week.

34. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular hourly rate of pay for all time worked in excess of 40 hours per week.

5

35. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the greater of Plaintiff's hourly rate or the state mandated minimum wage rate for all time which Plaintiff worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law - Minimum Wages

(Plaintiff hereby realleges and incorporates paragraphs 1 through 35 of this Complaint, as if fully set forth herein.)

36. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

37. This count arises from Defendants' violation of the IMWL for Defendant's failure and refusal to pay Plaintiff the state-mandated minimum wage for all time he worked.

38. During the course of his employment with Defendants, Plaintiff was compensated below the Illinois minimum wage.

39. Plaintiff was entitled to be paid at least the Illinois minimum wage for all time worked.

40. Defendants' failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

39. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A.    A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

    B.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.    Reasonable attorneys' fees and costs of this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: May 11, 2016        **MARIA G. LOPEZ**

By: _/s/Carlos G. Becerra
    Attorney for Plaintiff

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
Email: cbecerra@law-rb.com

7